Matter of Calcagno (2025 NY Slip Op 05236)

Matter of Calcagno

2025 NY Slip Op 05236

Decided on October 1, 2025

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
JAMES P. MCCORMACK, JJ.

2025-01168

[*1]In the Matter of Pasquale R. Calcagno, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Pasquale R. Calcagno, respondent. (Attorney Registration No. 3924396)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on January 10, 2001.

David W. Chandler, Brooklyn, NY (Susan Korenberg of counsel), for petitioner.

PER CURIAM.

OPINION & ORDER
On January 31, 2025, the Grievance Committee for the
Second, Eleventh, and Thirteenth Judicial Districts served the respondent, through his counsel, with a notice of petition and a verified petition, both dated January 29, 2025. The respondent's counsel consented to accept service via email on his client's behalf of the notice of petition and petition. Proof of service was duly filed with this Court.
The petition contains fourteen charges of professional misconduct, alleging that the respondent violated the Rules of Professional Conduct (22 NYCRR 1200.0) related to his escrow account. The petition alleges that the respondent misappropriated funds entrusted to him as a fiduciary in multiple client matters (charges one to five), commingled personal funds with fiduciary funds (charge six), misused his escrow account to conduct personal business (charge seven), made withdrawals from his escrow account to unnamed payees (charge eight), allowed a non-attorney to be a signatory on his escrow account (charge nine), failed to keep the required bookkeeping records for his escrow account (charge ten), failed to regularly reconcile his escrow account (charge eleven), failed to properly title his escrow account, checks, and deposit slips (charge twelve), engaged in the practice of law under a misleading name (charge thirteen), and engaged in conduct adversely reflecting on his fitness as a lawyer (charges seven, eleven, and fourteen), in violation of rules 1.15(a), (b)(2), (d), and (e) and 7.5(b)(1)(iii) and 8.4(h) of the Rules of Professional Conduct.
The notice of petition directed the respondent to file his answer to the petition within 20 days after service upon him of the petition. To date, the respondent has neither served nor filed an answer to the petition, as directed.
The Grievance Committee now moves to deem the charges against the respondent established based upon his default and to impose such discipline upon the respondent as this Court deems appropriate. Although the motion papers were duly served upon the respondent through his [*2]counsel by mail and email on March 20, 2025, he has neither opposed the motion nor interposed any response thereto.
Accordingly, the Grievance Committee's motion to deem the charges against the respondent established based upon his default is granted, the charges in the petition dated January 29, 2025, are deemed established, and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.
LASALLE, P.J., DILLON, DUFFY, BARROS and MCCORMACK, JJ., concur.
ORDERED that the Grievance Committee's motion to deem the charges in the verified petition dated January 29, 2025, established is granted; and it is further,
ORDERED that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Pasquale R. Calcagno, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Pasquale R. Calcagno, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Pasquale R. Calcagno, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Pasquale R. Calcagno, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court